## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DOMINIC ANTONUCCI,       )
         Petitioner,      )     **Civil Action No. 10-295 Erie**
                    )
    v.                )
                    )
ARCHIE B. LONGLEY, <u>et al.</u>,   )     **Magistrate Judge Susan Paradise Baxter**
         Respondents.    )


## MEMORANDUM OPINION[1]


On December 15, 2010, Petitioner, a federal prisoner incarcerated at the FCI-McKean, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner challenges his guilty finding in a disciplinary hearing and the resulting loss of his visitation rights. Petitioner alleges that in July of 2010, his visitation was suspended for 365 days and he seeks the reinstatement of his visitation rights.[2]

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See <u>Spencer v. Kaman</u>, 523 U.S. 1, 7 (1998); <u>Burkey v. Marberry</u>, 556 F.3d 142, 147 (3d Cir.), <u>cert</u>. <u>denied,</u> 130 S.Ct. 458 (2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. ECF Nos. 13, 14.

[2] In conjunction with the petition, Petitioner also filed a motion for temporary injunctive relief in which Petitioner seeks the immediate reinstatement of his visitation rights. ECF No. 5. This Court held a telephonic hearing on the matter on January 26, 2011. ECF No. 9.

'personal stake in the outcome' of the lawsuit." Id. at 7, quoting Lewis v. Continental Bank

Corp., 494 U.S. 472, 477-78 (1990). If developments occur during the course of adjudication

that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being

able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147,

citing Spencer, 523 U.S. at 7. [1]

Because, through the passage of time, Petitioner's one-year suspension of visitation

privileges has expired, he has received the relief he sought. Petitioner no longer has the requisite

"personal stake" in the outcome of the litigation. See Id.; Spencer, 523 U.S. 7. Accordingly,

there is no case or controversy for this Court to consider, and the petition for writ of habeas

corpus, along with the motion for a temporary restraining order, must be dismissed as moot. [3]

---

[2] When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8, quoting Lewis, 464 U.S. at 477; Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Spencer, 523 U.S. at 7-8. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

[3] I note here that it is likely that this Court lacks subject matter jurisdiction over this petition for writ of habeas corpus as Petitioner's claims challenging the conditions of his confinement are inappropriate in such a petition. A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). See Leslie v. Attorney General of the United States, 363 Fed. Appx 955, 958 (3d Cir. 2010) citing Doe v. Pa. Bd. of Prob. and Parole, 513 F.3d 95, 99 n. 3 (3d Cir. 2008) ("habeas corpus petition was not the proper vehicle to raise claims challenging conditions of confinement."); Castillo v. FBOP FCI Fort Dix, 221 Fed. Appx 172, at *2 (3d Cir. 2007) (loss of phone and visitation privileges "not cognizable under § 2241."); Cannon v. Shultz, 2008 WL 4510034 (D.N.J. 2008) (district court did not have jurisdiction to entertain federal inmate's habeas petition that challenged his loss of visitation rights.). See also Woodford v. Ngo, 548 U.S. 81, 91 n.2 (2006) quoting Fay v.

An appropriate Order follows.[4]

Noia, 372 U.S. 391, 423-24 (1963) ("[H]abeas corpus [is] an original ... civil remedy for the enforcement of the right to personal liberty."). Rather, Petitioner could raise these issues in a civil rights complaint under 42 U.S.C. § 1983. See Woodall v. Federal Bureau of Prisons , 432 F.3d 235; Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002) ("[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983").

[4] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOMINIC ANTONUCCI,                )
     Petitioner,                )          Civil Action No. 10-295 Erie
                     )
     v.                )
                     )
ARCHIE B. LONGLEY, et al.,                )          Magistrate Judge Susan Paradise Baxter
     Respondents.                )

# O R D E R

And now, this 20th day of September, 2011;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus [ECF No. 4] and

the motion for temporary restraining order [ECF No. 5] are dismissed as moot.  The Clerk of

Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

4